There is no legal logic that can explain why these two claims are inconsistent and mutually exclusive. Only ill-reasoned, but consistently followed, precedent makes them so. When an act or omission, which is alleged to be negligent and to have proximately caused injuries and their attendant pain, suffering, disability, and expense, is alleged subsequently — after that period of pain, suffering, disability, and expense — to cause death, it is the same act or omission *Page 468 
that over time causes the ultimate injury, death. Our Constitution provides a right to a remedy for both the nonfatal injury and the fatal injury.
I am persuaded that a reevaluation of what I consider to be this Court's erroneous interpretation of Ala. Code 1975, §6-5-410, is not one of the "felt necessities of the time." I can add no variety to what I must now perceive the majority of this Court considers as the irrelevance of my opinion on this. See Tatum v. Schering Corp., 523 So.2d 1042, 1047-63 (Ala. 1988) (Houston, J., dissenting); the position I expressed in that dissenting opinion remains my position on § 6-5-410.
Instead, I turn to the source of our laws, which is not the common law of England, but the Constitution of Alabama of 1901. Ala. Code 1975, § 1-3-1.
Section 35 of the Constitution provides:
 "That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property, and when government assumes other functions it is usurpation and oppression."
(Emphasis added.) In § 36 of the Constitution, to guard against any encroachments on the rights retained by the people and set out in §§ 1 through 35 of the Constitution, "we declare that everything in this Declaration of Rights is excepted out of thegeneral powers of government, and shall forever remain inviolate." (Emphasis added.) Section 1 of the Constitution provides that there is a right to life; § 35 provides that the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life; and § 13 of the Constitution provides that "every person, for any injury done him, in his . . . person . . ., shall have a remedy by due process of law."
Disregarding the common law's paradigm of a civil action for death (which we must do, because the common law of England is not the law of this state if it is inconsistent with the Constitution of this state), there is a right to life and a right to a remedy for an injury to the person guaranteed by the Constitution and excepted out of the general powers of government.
Why does this Court not accept that which the Constitution requires that it accept?
Do we believe that by violating a person's right to life we can thereby eliminate the remedy for that violation? Certainly, if we lead Alabamians down that corridor of mendacity, we are violating not only the letter and the spirit of § 35 of the Constitution but also § 36 of the Constitution, because we are ignoring a right and denying a remedy when the power to do so has been taken from us by the people.
As for me, from this day forward, I recognize that there is a constitutional right to life provided by the Constitution of Alabama of 1901 (§§ 1, 35) and that there is a right to a remedy (compensation) for an injury that causes the death of a person (§ 13) that I, as an Associate Justice of the Alabama Supreme Court, have no right to ignore (§ 36).